# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| Charles Odom, | ) | |
| :--- | :--- | :--- |
| | ) | **ORDER DISMISSING HABEAS** |
| Petitioner, | ) | **PETITION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Colby Braun, | ) | Case No. 1:13-cv-035 |
| | ) | |
| Respondent. | ) | |

The petitioner, Charles Odom ("Odom"), is an inmate at the North Dakota Missouri River Correctional Center. On March 15, 2013, he filed what the court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenged the validity of convictions in two separate cases on grounds that an arrest warrant issued in the first case was defective and that he would not have been charged in the second case but for its execution.

On June 11, 2013, respondent (hereinafter "State") filed a motion to dismiss Odom's habeas petition on the grounds that it was time-barred. For the reasons discussed below, the court grants the State's motion. Portions of the state-court records have be filed by the State at Doc. No. 13 and will be referred to by their exhibit numbers.[1]

## I. BACKGROUND

### A. The events at the Select Inn in January 2004

On January 20, 2004, Bismarck police officers responded to a 911 call from Riddle Johnson, a man claiming that, in the midst of an argument with Odom over an outstanding drug debt, Johnson

---

[1] This matter is considered by the undersigned pursuant to the written consent of the parties. (Doc. Nos. 3 & 14).

1

had locked himself in a motel room bathroom at the Select Inn. Officers proceeded to a room at the Select Inn registered to Galen Smith. There they found Johnson, Smith, and Odom. They also observed drug paraphernalia in plain view. Upon further investigation, they found a small quantity of marijuana in a pickup parked outside the Select Inn. The pickup did not belong to Odom. Odom v. State, 2010 ND 65, ¶ 2; 780 N.W.2d 666.

      **B.**      **The complaint and arrest warrant**

Odom was not arrested at the time. It was not until April 25, 2005, some sixteen months later, that Bismarck police Officer Kenan Kaizer went before a state district court judge to swear out a complaint and obtain a warrant for Odom's arrest. Id. at ¶¶ 2-3.

Kaizer presented oral sworn testimony in support of the complaint and arrest warrant in lieu of submitting an affidavit. Based solely on Kaizer's testimony, the state district judge found there was probable cause for the charges set forth in the complaint, namely felony possession of drug paraphernalia and misdemeanor possession of a small quantity of marijuana, and issued a warrant for Odom's arrest. Id.

The testimony that Kaizer gave was inaccurate in two respects. He testified that the marijuana was found in the room, when in fact it was found outside in a pickup that did not belong to Odom. Further, he testified that the room at the Select Inn where the officers responded to was registered to Odom, when, in fact, it was not. Kaizer did, however, accurately testify (at least according to a later opinion of the North Dakota Supreme Court) that officers at the scene: (1) were told by Johnson that Odom had threatened to assault him if he did not immediately pay an outstanding drug debt; (2) obtained consent to search the motel room; and (3) found drug paraphernalia in plain view. Concluding there was probable cause to charge Odom, the court

2

approved the complaint and issued a warrant for Odom's arrest in Case No. 08-05-K-00812. Id. at ¶ 3.

### C. Odom's arrest on the complaint and a second set of charges

On December 4, 2005, approximately seven months after the arrest warrant was issued, the manager of the Days Inn called the Bismarck police to report suspicious activity on the part of a Charles Odom, who had just checked in at the motel. See Odom v. Brutger Equities, Inc., No. 1:06-cv-038, 2007 WL 1611923, at **2-3 (D.N.D. June 1, 2007); Odom v. State, 2010 ND 65, ¶ 4. The police responded and arrested Odom outside the Days Inn on the still outstanding warrant for the charges of possession of drug paraphernalia and marijuana arising out of the events at the Select Inn almost two years earlier. Following Odom's arrest, police searched his room. In the room's safe, they found a digital scale covered with cocaine residue, a bundle of cash, and crack cocaine. Odom v. State, 2010 ND 65, ¶ 4; State v. Odom, 2006 ND 209, ¶¶ 2-6, 722 N.W.2d 370.

At some point following Odom's arrest, a second set of charges was brought against him in a separate criminal proceeding, Case No. 08-05-K-02477, for possession of cocaine with the intent to deliver and possession of drug paraphernalia based on what was discovered in his room's safe at the Days Inn. State v. Odom, 2006 ND 209, ¶¶ 2-6.

A combined preliminary hearing was held in January 2006 on both sets of charges and Odom was bound over to stand trial. Odom v. State, 2010 ND 65, ¶ 5.

### D. Disposition of the first case (No. 08-05-K-00812)

Odom changed his plea to guilty on the first set of charges in Case No. 08-05-K-00812 on September 6, 2006, and was immediately sentenced to time served and a small fine. Odom v. State, 2010 ND 65, ¶ 5; (Ex. 6). However, upon learning that he would not be released because of the

charges pending in the second case, Odom immediately moved to withdraw his plea of guilty. A judgment of conviction was entered on September 13, 2006, which was followed by another motion to withdraw the guilty plea. On April 11, 2007, the state district court denied the motions to withdraw the plea of guilty. (Ex. 12). Odom did not take a direct appeal from either the judgment of conviction or the order denying the motions to withdraw the plea of guilty. (Ex. 1); see Odom v. Kaizer, No. 1:07-cv-019, 2009 WL 2709395, at *3 (D.N.D. Aug 24, 2009).

E.  **Disposition of the second case (No. 08-05-K-02477)**

In Case No. 08-05-K-02477, the state district court initially suppressed the evidence from the search of the safe in Odom's room at the Days Inn on the grounds that Odom's consent to the search of his room did not extend to the room's safe. However, the State's Attorney took an immediate appeal and the North Dakota Supreme Court reversed the trial court's decision in State v Odom, 2006 ND 209; see also Odom v. State, 2010 ND 65, ¶ 5.

In June 2007, Odom entered a conditional plea of guilty to the second set of charges after the district court denied his motion to suppress the evidence. (Ex. 31). He was sentenced to twenty years' incarceration. (Ex. 32). On January 17, 2008, the North Dakota Supreme Court summarily affirmed the criminal judgment in State v. Odom, 2008 ND 2, 747 N.W.2d 136 (Table); see Odom v. State, 2010 ND 65, ¶ 5.

F.  **Odom's post-conviction relief proceedings**

Odom next filed a state petition for post-conviction relief in March 2008, arguing that he had been denied effective assistance of counsel by the attorneys who had represented him in the two cases. Odom contended that his attorneys should have requested a transcript of the testimony given by Kaizer in April 2005 in support of the warrant for his arrest and uncovered his allegedly false

4

testimony, which Odom contended made his arrest unlawful and lead to his being charged in the second case. (Exs. 14, 18, 38, 40, 44). The state district court denied the petition, concluding that Odom's counsels' performance was not ineffective and also that Odom had not suffered prejudice. With respect to the latter, the district court concluded that, notwithstanding the inaccurate testimony, sufficient other evidence had been presented to establish probable cause. (Exs. 18, 44); see Odom v. State, 2010 ND 65, ¶ 6.

On April 6, 2010, the North Dakota Supreme Court affirmed the district court's order denying Odom's petition for post-conviction relief, but on more limited grounds. The court agreed that Odom had failed to prove that his counsel's representation was ineffective under the first prong of Strickland v. Washington, 466 U.S. 668 (1984). And, because of that conclusion, the court stated it did not have to consider the second Strickland prong and determine whether Odom had suffered prejudice, *i.e.*, whether there was sufficient other correct evidence in the testimony to establish probable cause. Odom v. State, 2010 ND 65, ¶ 13.

Odom subsequently filed a petition for writ of certiorari with the United States Supreme Court. Odom's petition was denied on October 4, 2010. Odom v. North Dakota, 131 S.Ct. 251 (2010) (Mem.).

### G.  Other proceedings

#### 1.  Prior § 2254 petions

In June 2008, Odom filed a petition for habeas corpus relief with this court. Observing that Odom had yet to exhaust all of his state court remedies, the court dismissed the petition without prejudice on December 22, 2008. Odom v. State of North Dakota, No. 3:08-cv-00057 (D.N.D.). In October 2010, Odom again petitioned this court for habeas corpus relief. However, he moved to

withdraw his petition, which the court granted on November 17, 2010. Odom v. Redmann, No. 3:10-cv-00097 (D.N.D.)

### 2. Civil actions

On March 20, 2007, Odom filed a § 1983 action against Kaizer and several other named defendants. Odom v. Kaizer, No. 1:07-cv-019 (D.N.D.). Odom alleged, among other things, that Kaizer provided false information that was used in support of a complaint and warrant for his arrest in his first state criminal case. Odom sought both equitable relief, *i.e.*, dismissal of his state charges, and damages for pain and suffering and mental anguish. Initially, the court stayed this action because of Odom's ongoing state criminal proceedings. When those proceedings were completed, the court conducted a preservice screening as required by 28 U.S.C. § 1915A and concluded that Odom's complaint stated two possible § 1983 claims, one akin to the common law tort of malicious prosecution and the other a claim for selective enforcement, and dismissed the claims for failure to state a claim. Odom v. Kaizer, No. 1:07-cv-019, 2009 WL 2709395, at *6 (D.N.D. Aug. 24, 2009) ("Odom v. Kaizer I").

Odom appealed the court's preservice dismissal, and the Eighth Circuit affirmed, stating summarily that it "found no basis for reversal." Odom v. Burleigh County Detention Center, 369 Fed.Appx. 767, 2010 WL 1223163 (8th Cir. Mar. 31, 2010) (unpublished per curiam).

Odom next commenced another action by filing a new *pro se* complaint, this time (1) naming Kaizer as the only defendant, (2) limiting his suit only to the allegation that Kaizer violated his constitutional rights by intentionally or recklessly providing false information in support of the complaint and warrant for his arrest, and (3) limiting his relief to only monetary damages. In its preservice screening, this court noted that the present complaint was simply a trimmed-down version

of the prior complaint, the dismissal of which had already been affirmed on appeal. The court then dismissed the present complaint on the same grounds stated in the preservice screening in Odom v. Kaizer I. Odom v. Kaizer, No. 1:10-cv-00085, 2011 WL 30568 (D.N.D. Jan. 5, 2011) (order of dismissal adopting report and recommendation and discussing absolute immunity as an additional grounds for dismissal); Odom v. Kaizer, No. 1:10-cv-00085, 2010 WL 5505715 (D.N.D. Dec. 9, 2010) (report and recommendation). This time the Eighth Circuit reversed and concluded that Odom's complaint stated a Fourth Amendment "judicial deception" damage claim. Odom v. Kaizer, 417 Fed.Appx. 611, 2011 WL 2078543, at *1 (8th Cir. May 26, 2011) (unpublished per curiam); Odom v. Kaizer, 884 F. Supp. 2d. 923 (D.N.D. 2012) (on remand denying motion for judgment on the pleadings and setting forth the complete background of Odom's civil proceedings). This case is still pending.

### H. Odom's present petition for § 2254 relief

On March 15, 2013, Odom filed the petition now before the court. In his petition, he challenges the validity of his two state convictions on the grounds that an arrest warrant issued in the first case was defective and that he would not have been charged in the second case but for execution of the defective warrant. (Doc. No. 1).

On May 14, 2013, the court issued an order directing the Clerk's office to serve the State with a copy of Odom's petition and further directing the State to file a limited response addressing the timeliness of Odom's petition. (Doc. No. 5).

On May 17, 2013, Odom filed his own response to the timeliness question, essentially claiming that he was not able to demonstrate the lack of probable cause for his arrest on the first set

of charges and the resulting prejudice until he pursued his pending civil action against Detective Kaizer. (Doc. No. 6).

On June 11, 2013, the State file a response to Odom's petition along with a motion to dismiss Odom's petition on the grounds that it was time-barred under 28 U.S.C. § 2244(d). (Doc. Nos. 9 & 11). On July 3, 2013, the Clerk's office received a letter from Odom requesting, inter alia, a copy of the docket sheet in the above-entitled action. (Doc. No. 15). On August 9, 2013, the Clerk's office received another letter from Odom. Attached to the letter was a copy of the Assistant State's Attorney's response to a disciplinary complaint apparently filed against her by Odom during the pendency of the state cases.[2] (Doc. No. 16).

On August 19, 2013, Odom filed a "Motion to Clarify" seeking to note additional factual information that he claims is relevant to addressing the merits of his petition. (Doc. No. 17).

## II. DISCUSSION

### A. Introduction

Odom did not file a formal response to the State's motion to dismiss. However, since the State's motion is limited to the timeliness issue pursuant to the court's earlier order directing it to limit its initial response to the timeliness of Odom's petition and since Odom filed a prior response directed to the timeliness issue, the court will proceed to address the merits of whether Odom's current petition is timely.

---

[2]There were several handwritten annotations (presumably made by Odom) on the Assistant State's Attorney's response.

### B. Untimeliness of Odom's petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing federal habeas petitions. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Subsection (A) is applicable in this instance.

The running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

> (i.) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or
>
> (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012)); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). The statute of limitations may be tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d); see also Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002)

(discussing what constitutes a "pending" application for the purposes of 28 U.S.C. 2244(d)(2)). It may also be tolled as a mater of equity.

The State asserts that Odom failed to file his petition within the one-year limitations period provided for under AEDPA. This assertion is borne out by the record.

The date on which Odom's statute of limitations began to run was when the United States Supreme Court denied his petition for certiorari on October 4, 2010. According to the State (and Odom has not demonstrated to the contrary), there were no subsequent and properly filed collateral state court challenges that would have tolled the running of the limitations period. Consequently, Odom's one-year window in which to file a habeas petition lapsed on October 5, 2011, or approximately seventeen months before Odom filed the instant petition.

### C. No basis for equitable tolling

The statutory limitations discussed above may be equitably tolled. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002); see also Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) ("Equitable tolling is an 'exceedingly narrow window of relief.'").

In his two-page response to the issue of timeliness, Odom claims, essentially, that he was unable to demonstrate the lack of probable cause for the complaint and warrant for his arrest on the first set of charges as well as his claimed resulting prejudice until he commenced his pending civil rights action. These conclusory allegations, however, are insufficient to demonstrate that anything discovered in, or that has resulted from that action, was unknown before, not previously discoverable, and, even more significantly, somehow material here. This is particularly true given everything indicating the contrary.

The fact that Detective Kaizer's testimony in support of the complaint and the arrest warrant was inaccurate was well known to Odom during this state criminal proceedings. In fact, it was acknowledged by the North Dakota Supreme Court in its decision denying post-conviction relief.

Moreover, the problem for Odom and his claim now that he had difficulty demonstrating prejudice for purposes of the second prong of Strickland was the North Dakota Supreme Court's conclusion that his attorneys for the first and second set of charges were not ineffective in failing to discovery the inaccurate testimony. Odom v. State, 2010 ND 65, ¶ 12. In fact, the North Dakota Supreme Court concluded it did not have to address the prejudice prong of Strickland given this conclusion. Id. And, for purposes of any habeas claim that could be made here, there is nothing in the state civil rights action against Detective Kaizer that has anything to do with whether or not his trial counsel performed deficiently.[3]

In short, Odom has failed to demonstrate any conditions that would warrant the application of equitable tolling. In addition to the argument that he makes based on his civil action, which is

---

[3] Odom states in his two-page response on the issue of timeliness that the North Dakota Supreme Court "totally ignored the second step of a two prong test," implying this was fatal error. However, as noted above, Odom was required to demonstrate both that his counsel was ineffective and that prejudice resulted. The North Dakota Supreme Court, having concluded that Odom had failed to prove the former, simply decided it need not address the second prong.

11

insufficient, there is no indication that he was lulled into inaction or otherwise prevented from timely filing his habeas petition by circumstances outside of his control. See Kreutzer, 231 F.3d at 463. Further, the fact that he has been proceeding *pro se* does not excuse his lack diligence or otherwise provide a basis for equitable tolling. Kreutzer, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); see also Henry v. Hobbs, No. 5:10-cv-00372, 2011 WL 1559244, at * 5 (E.D. Ark. Apr. 15, 2011) (opining that a petitioner's delay in filing his habeas petition was "not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law.").[4]

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must

---

[4] While the merits of Odom's petition are not now before the court, the court is well-acquainted with Odom's case, given his prior civil rights actions and the one that is still pending for "judicial deception." Odom is of the belief that, if he successfully proves there was a lack of probable cause for the complaint and arrest warrant on his first set criminal charges, this will entitle him to habeas relief. It appears, however, that the obstacles in Odom's path are most likely insurmountable.

As noted earlier, Odom received what amounted to a "time served" sentence on the first set of criminal charges for which the complaint and arrest warrant being contested in the civil action were issued. (Ex. 6). Consequently, since he is not now being held in custody on the state conviction arising out of those charges, it is difficult to see how he would be entitled to habeas relief with respect to his first conviction. Further, even if he is still subject to some restraint arising out of the first conviction, he faces other obstacles with respect to the first conviction. For one thing, after his arrest on the complaint and arrest warrant being contested in the civil action, a preliminary hearing was held (*i.e.*, a new determination of probable cause) and Odom was bound over for trial on an Information that contained the same charges as the complaint. Another is the fact that he later pled guilty to the charges in the Information.

As for his second conviction, even if Odom could establish some nexus between any lack of showing of probable cause for his arrest on the first set of charges and the second set of charges, Odom pled guilty to the second set of charges, subject to his right to withdraw his plea if he was successful on appeal with respect to a different Fourth Amendment issue, which he was not. (Exs. 31, 32, 36).

12

demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that reasonable jurists would find it debatable that the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists would not find debatable this court's dismissal of Odom's petition based on it being time-barred.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the court concludes that Odom's § 2254 petition is time-barred. For this reason, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Odom's motion to clarify (Doc. No. 17) is **GRANTED** and the information will be considered a part of the record.

2. The State's motion to dismiss (Doc. No. 9) is **GRANTED** and Odom's § 2254 petition (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is not issued.

Dated this 11th day of October, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court